**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RONDA LEE CHRISTIANSEN,**

        **Plaintiff,**

-vs-                                            **Case No. 6:08-cv-2043-Orl-31GJK**

**KEN COLT and CAROL K. IDE,**

        **Defendants.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendants', Ken Colt and Carol K. Ide, Motion to Dismiss (Doc. 13) and Plaintiff's, Ronda Lee Christiansen ("Plaintiff"), response in opposition thereto (Doc. 17). Upon review of the parties' submissions, the Court finds that Plaintiff's Complaint (Doc. 2) raises wholly meritless claims over which this court has no jurisdiction and which federal courts have roundly rejected time and time again.

In an earlier collection case, the Internal Revenue Service ("IRS") assessed income taxes against Plaintiff for the tax years 1993, 1994, 1995, 1996, and 1997 and secured a judgment against Plaintiff in the amount of $122,506.62. *See* Case No. 6:02-cv-445 (M.D. Fla. 2002). Plaintiff brought the instant suit alleging, *inter alia*, that the IRS fabricated her tax returns. Based on this and other allegations in the Complaint, Plaintiff requests that the Court enjoin the IRS' administrative collection efforts and order the IRS to pay her compensatory damages.

The United States, as sovereign, and United States' employees, are generally immune from suit except to the extent and according to the conditions to which the United States consents to suit. *See United States v. Testan*, 424 U.S. 392, 399 (1979). Waivers of sovereign immunity are to be strictly construed. *Id.* Federal law specifically provides that "no suit for the purpose of restraining the assessment and collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). Federal law also specifically provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . . ." 26 U.S.C. § 7422(a).

In the instant case, Plaintiff has neither alleged nor established that she meets any of the prerequisites for this Court to exercise jurisdiction over her claims. The Court, therefore, finds no basis upon which to exercise jurisdiction in this matter. Furthermore, the Court cautions Plaintiff that her arguments in this matter are of a kind so patently frivolous that, should she persist in advancing them, she faces a substantial risk of incurring sanctions. *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, 1447-48 (10th Cir. 1990); *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990); *Crain v. Commissioner*, 737 F.2d 1417, 1417-1418 (5th Cir. 1984).

For the foregoing reasons, it is hereby **ORDERED** that Defendants', Ken Colt and Carol K. Ide, Motion to Dismiss (Doc. 13) is **GRANTED**, and this matter is **DISMISSED** with prejudice. The Clerk of Court is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 27, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE